Mr. Brown whenever you're ready we'll hear from you thank you good morning your honors may it please the court I'm Patrick Brian and with my colleague Andrew Grinrod we represent Andretti Brown this morning Mr. Brown's good for purposes of section 4A 1.1 of the sentencing guidelines that guideline requires that the prior sentence have a custodial or supervisory component in good behavior condition has neither of those this court's prior case law let me ask you just on that you made a statement about what it requires I thought the guidelines suggested that it included unsupervised probation that's correct actual supervision during the course of the probationary period is not required right not active supervision says unsupervised well I want to be clear word well I'm asking you what unsupervised means it means no supervision over the probation period I think it means passive supervision there are does unmean means not doesn't it I think it means not active supervision that somebody has continuing reporting duties or other can do residency restrictions or certain things like that but unsupervised hold it those two things are different to conditions of your supervised vision is one thing supervision is where somebody overlooks and and checks in on you I think reporting would be supervision unsupervised would still could still have conditions and in this case of course the condition was that he be of good behavior now if he failed that condition his sentence could be reimposed right that's correct but I want to make two things clear first the revocation is a consequence of a violation but does not in and of itself say that somebody is under supervision and what this court's cases have done unpublished cases have basically assume they've used the phrase functionally equivalent between good behavior and unsupervised probation but looking deeper into Virginia law and practice there are functional distinctions and someone who is on unsupervised probation is still within the control of the probation officer still subject to monitoring and there's a Virginia statute I apologize I don't believe it's cited in the brief but it's 53.1 dash 145 the powers and duties of probation officers gives probation officers the authority to check on to monitor to assist people who are on probation and does not draw a distinction between supervised and unsupervised so a probation officer could call up somebody who's on unsupervised probation even though they don't have a reporting requirement and could say I want you to come in and take a drug test or that person could reach out to the probation officer and say I need help getting a job or a place to live or into drug treatment or something like that and the probation officer would be able to assist when someone is just on good behavior and has been completely released even from unsupervised probation that relationship no longer exists there the Virginia Department of Corrections when he has a sentence that requires him to be of good behavior for a period of time that's a condition of his that's a condition of probation isn't it that's a form of probation we disagree it's not a form of probation we disagree that it is a form of probation it is a condition of the suspension of sentence and so if a person is are we playing with words well I think words matter of course they do I'm asking you whether there's a difference between probation and saying somebody's sentence can be reinstated if he violates a condition that's absolutely our point because what the guideline requires the guideline is not hung up on labels the guideline says it could be called parole probation supervised release whatever what the guideline requires is a custodial or supervisory component and there is no supervision the guideline statement that it includes unsupervised probation and I have I have no problem with that the question is whether this is unsupervised probation and my point is it is not so even though it's a condition that's on someone in that's in that sense it's similar to a fine and the the guideline specifically excludes fines even though if someone if he if he assaulted somebody seriously or murdered somebody three years after being sentenced his former sentence would be reinstated right I don't dispute that but that well the condition of in other words he gets a suspended sentence on the condition he behaves himself if he doesn't behave himself he doesn't get the suspension I don't I don't disagree with that but that doesn't make this unsupervised probation because the guideline requires supervision and and it says that unsupervised probation counts and even though that seems somewhat contradictory in terms requires it requires active supervision so what's the difference I'm sorry what requires the guideline it says although active it says although active supervision is not required so how do you define that what's what's the distinction that you're making the distinction is between even passive supervision and no supervision at all and our point is that when someone in Virginia has nothing but a good behavior condition and is not on supervision and therefore it's not even passive unsupervision unsupervised probation if all they have is this hanging over their head this comeback time because in that case it's similar to a fine somebody could be sentenced to prison if they willfully fail to pay a fine but the fact that there's that consequence and the fact that they could get prison time reimposed doesn't mean that they're on supervision or under supervision what's the purpose of the in this case it's 10 years but if they suspend a sentence on the on a condition that you stay out of trouble for 10 years if you stay out of trouble for 10 years you're you're free but if you get into trouble during that 10-year period your your suspended sentence can be reinstated and I don't disagree with that but that doesn't mean he's supervised I'm not suggesting it is I'm suggesting that is a probation in other words the probation is the condition that you stay out of trouble for 10 years but the guideline requires supervision and there's no monitoring or control and one thing that I can cite for an example of that this court could take judicial notice of Virginia state records in the Virginia Department of Corrections keeps a tally of all the people within its custody and control around the state and if you look at that monthly tally there's a category for people on probation there's no category for people with a good behavior sentence how can the state supervise someone if they don't even know how many there are where they are there are no restrictions that person could leave the state or the country and yes if there's a violation at some point in the future that person could face consequences under state law as a recidivist but what the guideline requires is ongoing supervision it doesn't have to be active it can be called whatever you want to call it you could call it virtual imprisonment but that doesn't mean it's supervision the guideline also has an example that says a term of unsupervised probation would be included and we don't disagree with that Mr. Brown was not even on unsupervised probation Virginia does have a distinction between supervised and unsupervised probation but it also their state law that's very clear that says unsupervised probation and a good behavior condition are legally distinct under Virginia law how are they different well because the probation officer has a list or record of people who are even on unsupervised probation has the ability to check on that person and the duty to help that person if they need help and also unsupervised probation can be modified so if someone for example is messing up but it doesn't rise to the level of a violation the judge can call that person in and change the conditions they can be lessened they can be taken away and say not under that's a different proposition whether you can change a sentence but when I'm talking about imposing a condition in connection with a given sentence I understand but my point is that they're legally distinct word the two and you're making the same argument that because a court can change a sentence or whether a court can change a sentence is meaningful it's not meaningful the court issued a suspended sentence and said it's suspended on the condition you stay out of trouble for 10 years that is a condition of his sentence I don't disagree with that proposition I think we disagree about the import of that condition on his sentence and Virginia draws a legal distinction between unsupervised probation and good behavior and one additional one that I'll mention your honor is that a good behavior condition cannot be modified in a freestanding way so that somebody has 20 years of good well you've been doing well enough I'm gonna take that away the judge doesn't have freestanding authority to modify a good behavior condition it's simply a trigger for recidivist penalty if somebody violates in the future what the guideline requires is supervision and so the state could call it whatever they want they could treat it like it that's what the guideline says your honor except it said it includes unsupervised probation in other words the point is sure it's supervised a release that's pretty easy but the explanation is the breadth of it is changed by the word unsupervised well it's a little bit confusing the language to say that supervision is required but unsupervised probation counts and I think that where that problem may have come from is that this guideline there's no deep explanation for the the Commission's decision to put this in the guidelines but it's taken pretty directly from the parole guidelines the pre-sentencing Reform Act parole guidelines lay all this out and someone would be eligible for parole sooner if they were not already under a criminal justice sentence and it said that unsupervised probation counts but spells out if in the particular state there is no attempt at actual supervision then it doesn't count and I think the way that the say that unsupervised probation counts as long as there's a super actual supervisory component it doesn't have to be active it doesn't have what is the language you say it has to have a supervisory component well that's in the the commentary to its note for under for a 1.1 D it says criminal justice sentence means a sentence countable under 41.2 having a custodial or supervision is not required and for example unsupervised right right but the that explains that it goes beyond that and you go to the text of 4a 1 and it doesn't refer to supervise it took it says including probation and so now they're explaining that an unsupervised probation is includable as a criminal justice as long as it has a supervisory component well that's what the if it defines the guideline and I'm sorry you heard that you were talking about all these distinctions that Virginia makes with respect to unsupervised probation and conditions a simple condition of good behavior where is that in the record set in record to some degree I think we cite some case law and have the name slips my mind there is a case that says that it's not modifiable as a freestanding condition we also cite case law that it's an more interested in the description that you gave about this list so-called list that differentiates between those who are subject to some kind of supervision and those who simply disappear from Virginia's roles where's that in the record it's not in the record but this court could take judicial notice of Virginia state records and so there's a state statute 53.1 dash 145 that that defines the powers and duties of probation officers and in the Virginia Department of Corrections on its website has that tally I can provide those to the court this afternoon if you'd like but they're they were very easy to find I apologize that they weren't in the record I think we continued to think about the case even after the briefing was complete but the what's your best I mean you said a couple of cases won a nice circuit decision which I think can be distinguished on the ground that that was a case where the judge deferred sentence and something akin to a prayer for judgment continued which is what we have in North Carolina and so there was never a sentence to be dealt with from the get-go so in that sense it's a little bit different but what's your best case for this proposition well there is the the Gonzalez-Vasquez 9th Circuit case there's Johnson from the 8th Circuit that we've cited the Kip case I think from the 9th Circuit all of those cases say when there are no actual conditions on someone other than don't commit another violation or new crime when there's no supervision that's what matters for purposes of this guideline regardless of what the state calls it even if it's called probation if there's not supervision it doesn't have to be active but it has to be actual I thought Johnson I'm looking at Johnson it's it's a stay of the imposition of a sentence on condition they didn't actually enter the sentence well that you're right that may be distinguishable in Maryland probation before verdict and and there are going to be various state variations and I think it's no sentence entered it's not entered on any condition and I I'm not familiar with the 9th Circuit case but I gather judge Diaz is pointing out that's the same thing that happened there well I think there there are always going to be state variations and that's why the guideline wanted uniformity the guy that wants a federal definition and what there's actual supervision not necessarily whether there might be consequences and so it may be a closer case but if there are no other questions now I've got some rebuttal time yeah we have you thank you mr. Katason morning your honors made please the court the district court in this case correctly concluded that mr. Brown remained under a criminal justice sentence in light of the suspended sentence imposed on him conditioned on good behavior as the district court pithily put it as long as they have the ability to bring him back he's still under the auspices of the court this court should affirm the district court's conclusion which is consistent with at least eight unpublished decisions of this court as this court has stated a suspended sentence conditioned on good behavior is functionally the same as supervised probation and it counts under 4a 1.1 D as long as the defendant is subject to revocation for violation of the conditions imposed consistent with the district court's conclusion and with this courts unpublished opinions the other courts have appealed to have considered the issue have unanimously held that a sentence conditionally suspended or held in abeyance or conditionally discharged or deferred deferred on judgment qualifies under 4a 1.1 well the lot why are you getting reaching so broadly because aren't those two cases we discussed earlier deferred judgment cases where they went the other way 8th Circuit case in Johnson that's that's correct although I think Johnson Kip and Garcia are all I see a material difference between a deferred judgment where they say we're not going to enter a judgment and the suspended sentence where there's an actual sentence entered and can conditionally be reinstated there's there's no doubt a difference under state law for purposes of the guidelines I think that there is no difference because under 4a to you've got a suspended sentence here which can be revoked that's true but I would say that this provision matters for for example for a 1.2 C which question which applies when when you have to figure out if a previous conviction of probation counts as a for criminal history points and in those instances for example even if probation has not been in even if for example district court says I'll impose probation and I'll lift probation as long as you're on good behavior for at least a year probation to sentence but in that's undisputable as a matter of right in the guideline I should say conditional discharge to go back to your honors example in those instances under for a 1 C or or to to your point of Nehemiah that I'm reaching too far I think it matters that you want to have something that says if a court defers the entry of a sentence or a judgment that that should be included too that's correct because under for a 1.2 it's not these facts but the those those other cases from under circuits are all dealing with the same thing which is you have a sentence condition a conditional sentence conditioned on compliance with certain requirements whether it's after judgment whether it's before judgment it's the same concept every court of appeals to consider this issue agrees with this courts unpublished opinions I have to make an mea culpa and our brief on page one I there's an error where we say every court of appeals has reached the same conclusion ensures that every court of appeals to have considered the issue has reached the same conclusion but to be clear I believe ever of appeals that has considered it is courts 1 through 10 I don't believe the 11th in the DC Circuit of have considered the issue but 1 through 10 have gone the same way as this courts unpublished opinions now the this court's opinions in the district court's conclusion is are supported by the plain text of the guideline and by the well-accepted definition of probation mr. Brown doesn't dispute that unsupervised probation plainly counts as probation under the guideline that's the plain text of the guideline the fight here is whether a suspended sentence under Virginia law plainly qualifies and if we look at professor Lafave's treatise if we look at blacks law dictionary if we look at Webster's every concept of probation defines it as to quote blacks a court-imposed criminal sentence that subject to stated conditions releases a convicted person into the community instead of sending the criminal to jail blacks even defines a suspended sentence as quote a suspended sentence is in effect a form of probation the textual points make sense because there's no practical distinction between a unsupervised probation mr. Bryant didn't provide one in his briefs he has not been able to provide one to you now and I certainly can't provide one to you well he see he suggested that Virginia makes a distinction they keep apparently two separate lists one list that's that where they keep track of individuals one where they don't but I'm not sure that that's a distinction with a difference but maybe you can talk about that I the under Virginia law I think it's a two-part answer which is clearly under the statute that the statute contemplates probation and it contemplates a suspended sentence two different things in that sense and I believe that when the statute talks about probation it's talking about what your honors were getting at earlier which is active specific conditions under supervision of a probation officer judge Niemeyer earlier asked are is a condition of good behavior probation and the answer to that for purposes of the guidelines and for Virginia law is also yes and I'd point the court to the Virginia Supreme Court's opinion in dyke and in that case there was no term of probation imposed as part of the sentence but the court kept saying talking about probation so what what's clear under Virginia under the Virginia cases is that there are two concepts of probation one the active probation where you're talking about what the probation officer does you got active supervision and the other which is probation is just the other side of the coin of a conditional sentence you could not have if you had probation without a condition there there'd be no point because there'd be no tooth to the probe to the probation if you had conditions it could be sorry if you had probation without a suspended sentence it would be pointless because you couldn't enforce the terms of probation likewise if you had a suspended sentence without probation it would also be pointless because you could never reimpose the suspended sentence so in in that sense both under Virginia law and critically here under the guidelines a suspended sentence is the opposite side of the coin as probation mr. Bryant's leading textual argument which he presented this after this morning to your to your 1.1 the a suspended sentence does not have a custodial or supervisory component but the answer to that is that in the context of the guidelines it's clear the supervision here is the courts supervision that's what the Second Circuit held in the United States versus Ramirez 421 f-3rd at 164 the Second Circuit said the guidelines for use of the phrase supervisory component means that the sentencing court can revoke or modify the sentence if the defendant violates a condition First Circuit in Frazier 388 f-3rd at 376 said the same thing criminal dispositions have a custodial or supervisory component where the sentencing court imposes conditions that if violated could result in revocation or of the more lenient disposition and imposition of the harsher one the text of the guideline and the definition of probation is also supported by the purpose of the step of the guideline which here is to punish those who have previously committed crimes and often been the beneficiaries of leniency but nonetheless during the period of that sentence or during the period of that leniency go forward and commit additional crimes it's not as mr. provide additional punishment to those who are under the active eye of the court to use the phrase from his brief finally I want to touch on harmless error in this case we believe that we should win on the merits but we also believe that if the court disagrees any error in applying the two points under for a 1.1 was harmless first on the standard review mr. Brian argues that in mind that a erroneous guideline assignment was harmless the court must be quote certain and he cites Montez Flores for that proposition but Montez Flores put the word certain in scare quotes and I don't believe that certainty in in life or in law is ever possible and is certainly not the test here the test under Savlon Matute which Montez Flores sites is one whether this court can have knowledge that the district court would have reached the same result and to whether this court can confidently determine that the sentence would be reasonable we don't have in this case as we usually do where district judge says even if I'm wrong and I'm gonna still give him the same sentence here we don't have that that's correct that's correct judge Floyd but I would say that the court has plenty even without that and under Molina Martinez which was the Supreme Court's recent opinion in 2016 and under Savlon Matute this court in the Supreme Court have made clear that the court can find an error harmless even without the explicit statement by the district judge that he or she would have given the same sentence if the guidelines calculation had come out the other way and here if we look at what was put in front of Judge Jackson we can show that first mr. Brown's criminal history here was of convictions in the PSR and despite those 11 pages he only had three points because only one of his prior convictions counted and absent the two points applying here this would arguably be a case for an upward departure under for a 1.3 to mr. Brown strenuously argued for a below-guidelines sentence of 24 to 30 months he put six pages of argument in 16 cases with allegedly similar facts and lower sentences he put in seven pages of argument about the flaws in the other sentencing guidelines that he was challenging and provided extensive discussion of mr. Brown's personal history and included letters of support from family and friends number three the district court explicitly said that the guidelines were not the decisive factor this court said on ja 92 to 93 that the advisory guidelines alone in the court's view don't necessarily justify sentence within that range the court has to look at other things beyond that and the court has looked at other things beyond that number for the district court emphatically rejected the lower sentence proposed by mr. Brown the district court said on ja 93 that that sentence was absolutely inappropriate he said that mr. Brown's criminal history was absolutely awful he told mr. Brown that he represented a danger to the we've been discussing this morning a sense of good behavior but it meant absolutely nothing to him so although the district court did not explicitly say that it would impose the same sentence I believe in this case under this court's precedent the court can reach harmless error with that said I believe we should win on the merits I urge the court to publish on this issue and I hope that the district courts decision will be affirmed thank you all thank you your honor just a few points very briefly first we don't need to win the deferred adjudication cases because that is distinguishable although I will point out that Gonzales Vasquez the Ninth Circuit case was not a deferred adjudication case that is a case where somebody had a sentence that was imposed but only had a condition of no additional violations this is something that the Commission could very easily fix if it wanted to to make very clear that good behavior was included with the language of the Commission is used is that the requirement is supervision and the court should be mindful of the very harsh consequences that flow from this not only will in most cases raise someone's criminal history category an entire level it would make someone categorically ineligible for the safety valve and especially in a situation in the statutory maximum somebody could have a state sentence that doesn't say anything about good behavior and they're long off of probation and they might have 2040 years life terms of good behavior hanging over them that they don't even know about and yet have this consequence come back on them if they end up in federal court and that's such a harsh consequence that the guideline ought to be very clear if nothing else the rule of lenity would suggest that this court should not import good behavior in here when there is not a supervisory component to that sentence and the last thing I'd like to touch on very briefly because the government devoted so much time to it was harmless error first of course it's it's not our burden to show that the sentence would be lower it's the government's burden to show that the sentence would be the same and not only do we not have a statement from the court that says that it would impose the same sentence regardless there are also indications here first the judge said I'd be interested to see what happens if you take this up on appeal I think that suggests that the court's mind was not closed and also although the judge rejected our request for a lower sentence did not go to the top of the guideline range and in fact imposed a sentence towards the lower end of the range and so we would suggest that if the range was even lower the proportionate sentence within the lower range would provide relief to mr. Brown so for those reasons we don't think it's harmless unless there are any other questions that the court has we'd ask the court to vacate the sentence all right thank you mr. Brown all right we'll come down and greet counsel and take short recess
judges: Paul V. Niemeyer, Albert Diaz, Henry F. Floyd